United States District Court
for the
Southern District of Florida

| Odalys Abreu, Plaintiff | ) |
| :--- | :--- |
| | ) |
| v. | ) |
| | ) Civil Action No. 18-21029-Civ-Scola |
| Nancy A. Berryhill, Acting | ) |
| Commissioner of Social Security | ) |
| Administration, Defendant | ) |

### **Opinion Order Adopting Magistrate's Report and Recommendation**

This matter was referred to United States Magistrate Judge Edwin G. Torres for a ruling on all pre-trial, nondispositive matters, and for a Report and Recommendation on any dispositive matters. On January 15, 2019, Judge Torres issued a Report and Recommendation (the "R&R," ECF No. 22), recommending that the Court deny Plaintiff Odalys Abreu's ("Abreu") motion for summary judgment (ECF No. 17) and that the Court grant Defendant Nancy A. Beryhill's (the "Commissioner") motion for summary judgment (ECF No. 19). Abreu timely objected to the R&R. (the "Objection," ECF No. 23.) Having conducted a *de novo* review the entire record and the applicable law, the Court **overrules** the Objection (**ECF No. 23**), **affirms and adopts in full** the R&R (**ECF No. 22**), **denies** Abreu's motion for summary judgment (**ECF No. 17**) and **grants** the Commissioner's motion for summary judgment (**ECF No. 19**).

In the Objection, Abreu argued that (1) the ALJ failed to consider a handicap placard issued to Abreu by Dr. Abrue, a treating physician, (2) the ALJ failed to provide good cause for rejecting the medical opinion of Dr. Ference, another treating physician Abreu, (3) contrary to the ALJ's determination, the medical-vocational guidelines (the "Grids") support a finding of disability, and (4) the ALJ failed to reconcile alleged contradictions between the residual functional capacity assessment (the "RFC") an the opinion of the vocational expert ("VE") who testified at the administrative hearing below. (ECF No. 23.) The Court will address each point in turn.

First, Abreu contends that the ALJ's decision was not supported by substantial evidence due to the ALJ's failure to reference or weigh the handicap placard, which she characterizes as a medical opinion. While an ALJ is "required to state with particularity the weight [given to] the different medical opinions," *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987), "there is no rigid requirement," *Dryer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005). Additionally, here, the ALJ had good cause not to consider the handicap

placard completed by Dr. Abreu because it is "not accompanied by objective medical evidence [and] is wholly conclusory." *Edwards v. Sullivan*, 937 F.2d 580, 583–84 (11th Cir. 1991); (R&R, ECF No. 22 at pp. 9–11.) Abreu's first objection is **overruled.**

Second, Abreu claims that the ALJ failed to provide good cause for rejecting Dr. Ference's medical opinion. However, the ALJ expressly relied on Abreu's testimony in deciding to give little weight to Dr. Ference's medical opinion. While Abreu may ultimately disagree on whether there is an inconsistency between her testimony and Dr. Ference's medical opinion, "[t]he [Commissioner], and not the court, is charged with the duty to weigh the evidence, to resolve material conflicts in the testimony, and to determine cases accordingly." *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986) (citing *Laffoon v. Califano*, 558 F.2d 253, 254 (5th Cir. 1997)); (R&R, ECF No. 22 at pp. 11–13.) Abreu's second objection is **overruled.**

Third, Abreu argues that had the ALJ properly considered the medical opinions, the ALJ would have found Abreu to be limited to sedentary or less than sedentary work; thus, the required application of Section 201.00(h)(1) of the grids calls for a finding of disability. However, because the Court finds that the ALJ properly considered the medical opinions this argument fails. Further, here, the ALJ used a VE and the Eleventh Circuit "has never held that when the ALJ uses [vocational expert] testimony, the ALJ *must* also consider the grids." *Watson v. Astrue*, 376 F. App'x 953, 958 (11th Cir. 2010) (emphasis in original); (R&R, ECF No. 22 at pp. 13–16.) Abreu's third objection is **overruled**.

Fourth, Abreu claims that the ALJ's decision to rely on the VE's testimony is not supported by substantial evidence. The RFC states that the Plaintiff "is able to frequently avoid distractions." (ECF No. 14 at p. 24.) Social Security Ruling 83-10, which provides guidance in assessing a claimant's RFC from a *physical strength* and *exertional* standpoint, defines "Frequent" to "mean[] occurring from one-third to two-thirds of the time." SSR 83-10, 1983 WL 31251, at *6. From this, Abreu deduces that the ALJ necessarily determined her unable to "avoid distractions" one-third to two-thirds of the time. And because the VE testified that an individual off-task ten-percent of the time is "not going to be able to maintain employment," (TR. 104), Abreu argues that the RCF statement negates the finding that she is able to perform work existing in significant numbers in the national economy. But Abreu cites no authority to support the application of the definition of "frequent" under SSR 83-10 to psychological symptoms. Moreover, the ALJ made clear that Abreu can maintain concentration for at least two-hours at a time and might be off-task for only five-minutes per hour. This is consistent with the VE's testimony that five-minutes off-task is to be expected when working. The Court agrees

with Judge Torres that there are no inconsistencies between the ALJ and VE. Abreu's fourth objection is **overruled**.

In sum, the Court **overrules** the Objection (**ECF No. 23**). The Report and Recommendation (**ECF No. 22**) is **affirmed and adopted in full.** Abreu's motion for summary judgment (**ECF No. 17**) is **denied**. The Commissioner's motion for summary judgment (**ECF No. 19**) is **granted**. The **Clerk** is directed to **close** this case. All pending motions are denied as moot.

**Done and ordered** in Chambers, at Miami, Florida, on July 16, 2019.

_____
Robert N. Scola, Jr.
United States District Judge